UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN CURLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>D. BAUGHMAN, et al.,<br><br>  Defendants. | No. 2:18-cv-0318 TLN CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding in forma pauperis with an action for violation of civil rights under 42 U.S.C. § 1983. On July 30, 2018, the court screened plaintiff's complaint, as the court is required to do under 28 U.S.C. § 1915A(a) and dismissed the complaint with leave to amend. Plaintiff has now filed an amended complaint.

Under 28 U.S.C. § 1915A(a), the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In his amended complaint, plaintiff complains about deprivation of personal property, just as he did in his original complaint. The allegations are vague, despite the fact that plaintiff was informed in the court's July 30, 2018 screening order that in order to state a claim upon which relief may granted, plaintiff must "demonstrate how the conditions complained of have resulted in

1

a deprivation of plaintiff's constitutional rights" and "allege in specific terms how each named defendant is involved." Plaintiff has done neither. Also, as plaintiff was informed in the court's July 30, 2018 order, "generally speaking, 'an unauthorized intentional deprivation of property by a state employee' does not constitute a violation federal law." See Hudson v. Palmer, 468 U.S. 517, 533 (1984).

For these reasons, plaintiff has not stated a claim upon which relief can be granted in his amended complaint. Good cause appearing, the court will grant plaintiff one more opportunity to attempt to state a claim upon which relief can be granted in a second amended complaint. Before drafting his second amended complaint, plaintiff should refer back to the court's July 30, 2018 order for guidance. More generally, plaintiff must, at a minimum, describe what action has been taken against him, by whom, how he has been harmed as result of that action, and how that action amounts to a violation of federal law.

Plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to

/////

/////

/////

file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 11, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

curl0318.14(2)